IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., Plaintiff, | ) |
| v. | ) No. 06-835C (Judge Smith) |
| THE UNITED STATES, Defendant. | ) |

UNOPPOSED MOTION FOR STAY PURSUANT TO 41 U.S.C. § 605(c)(5)

Pursuant to 41 U.S.C. § 605(c)(5), the parties respectfully request that this Court enter a 60-day stay of proceedings so that the contracting officer can issue a decision regarding plaintiff's "claim and settlement offer." Plaintiff does not oppose the stay, which the parties agree should terminate 60 days after this Court issues an order granting it.

Section 605(c)(5) gives this Court discretion to stay proceedings to allow a decision by the contracting officer. 41 U.S.C. § 605(c)(if a "suit is commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer"); United Partition Sys., Inc. v. United States, 59 Fed. Cl. 627, 641 (2004) (citing Durable Metal Prods., Inc. v. United States, 21 Cl. Ct. 41, 47 (1990)). An exercise of that discretion is appropriate "when the Court

believes that such a decision would be beneficial to the parties and assist resolution of the matter." Id. at 641-42.

In this case, after plaintiff's contract was terminated for convenience, plaintiff submitted a "claim and settlement offer" to the contracting officer on or about October 10, 2005. The contracting officer did not respond. Although plaintiff believes this Court has jurisdiction as a result of the contracting officer's failure to timely respond to its "claim," the United States believes that plaintiff's submission constituted a "termination settlement offer" that does not invoke this Court's jurisdiction. Rather than go to the expense of litigating a jurisdictional motion, however, the parties believe that this Court should stay proceedings so that plaintiff can make clear to the contracting officer that it has filed a "claim" and so that the contracting officer may decide that claim within 60 days. It is entirely possible that a decision by the contracting officer will moot the case and, at the very least, it is certain to help formulate the issues with which this Court must ultimately deal.

Accordingly, in the interests of justice and conserving resources, and the time and expense of the parties and the Court, the parties respectfully request that the Court stay the proceedings in the case. The parties respectfully request that

the Court's order direct the contracting officer to issue a final decision within 60 days from the date of the stay order. We propose further that, within 30 days of the contracting officer issuing his final decision, the parties will submit to the Court a joint status report proposing a schedule for further proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Brian T. Edmunds
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

March 19, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2007, a copy of the foregoing "UNOPPOSED MOTION FOR STAY PURSUANT TO 41 U.S.C. § 605(c)(5)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Brian T. Edmunds