IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-835C<br>Judge Smith |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS

Pursuant to this Court's inherent power to stay its proceedings, we respectfully request that the Court stay all proceedings in this matter through and including January 15, 2008, pending resolution of a Department of Justice criminal investigation into allegations that both the contracting officer who accepted plaintiff's contract, U.S. Army Major Gloria Davis, and the contracting officer to whom plaintiff submitted its claims, U.S. Army Major John Cockerham, accepted bribes from contractors. See Decl. of Larry Scott Moreland (Oct. 19, 2007) (Ex. A). Plaintiff, Gulf Group General Enterprises Co. ("Gulf Group"), and its activities with respect to the contract at issue in this case, are targets of this investigation, along with all other contractors who dealt with Majors Davis and Cockerham. Id. We have discussed this motion with counsel for Gulf Group, Iliaura Hands, who has advised that Gulf Group does not oppose this request.[1]

The law is clear that stays of civil litigation pending criminal investigations are appropriate. Luigi Goldstein, Inc. v United States, 217 Ct. Cl. 733, cert. denied, 439 U.S. 1002 (1978); Litton Systems, Inc. v. United States, 215 Ct. Cl. 1056 (1978); Peden v. United States,

[1] On October 2, 2007, this Court issued a similar stay in another case involving Gulf Group, Gulf Group General Enterprises Co. v. United States, Fed Cl. No. 07-82C.

206 Ct. Cl. 329, 512 F.2d 1099 (1975). In its binding decision in Peden, the United States Court of Claims, articulated the sound policy against proceeding with civil actions when parallel criminal investigations are taking place, stating:

> We believe it has long been the practice to "freeze" civil proceedings when a criminal prosecution involving the same facts is warming up or under way . . . . [This practice] . . . rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material.

Peden v. United States, 206 Ct. Cl. at 338, 512 F.2d at 1103.

In this case, a stay is appropriate for at least two reasons. First, discovery and litigation of this action may involve the same witnesses as the criminal investigation and may, therefore, interfere with the continuing criminal investigation. Second, the criminal investigation may reveal facts that should be considered by this Court in deciding this case, including, but not limited, to whether Gulf Group's claims in this case are legitimate and whether the United States should file a counterclaim against Gulf Group.

For these reasons, we respectfully request a stay of proceedings. We respectfully suggest that upon expiration of the stay on January 15, 2008, the Government file a status report indicating whether the criminal investigation has ceased or whether an enlargement of the stay is necessary, and, if the stay has ceased, proposing deadlines for further proceedings in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 616-8253
Brian.Edmunds@usdoj.gov

October 22, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 22d day of October 2007, a copy of the foregoing "DEFENDANT'S UNNOPOSED MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Brian T. Edmunds