IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GULF GROUP GENERAL ENTERPRISES CO. W.L.L., )
Plaintiff, )
v. ) No. 06-835C (Senior Judge Smith)
THE UNITED STATES, )
Defendant. )

DEFENDANT'S NOTICE OF
INDIRECTLY RELATED CASES PURSUANT TO RCFC 40.2

Pursuant to RCFC 40.2, defendant, the United States, respectfully requests the Court consolidate this case with cases numbered 06-853, 06-858 and 07-82 before a single judge.

As the Court is aware, there are currently four cases involving Gulf Group pending in this Court, cases numbered 06-835 and 06-858 assigned to this Court, case numbered 06-853 assigned to Judge Braden, and 07-82 assigned to Judge Horn. Pursuant to RCFC 40.2, the United States believes that all four cases should be assigned to a single judge. By order of Chief Judge Damich in case number 06-858, the parties filed a joint status report on July 25, 2008, addressing the relatedness of the four Gulf Group cases and whether the cases should be consolidated. (A copy of the Joint Status Report dated July 25, 2008 is attached to this report.) As discussed in the attached Joint Status Report, the United States believes that all four cases should be assigned to

a single judge. Gulf Group agreed that case number 06-858, pending before Chief Judge Damich, should be assigned to the same judge as case number 06-835, pending before this Court. On July 31, 2008, Chief Judge Damich transferred case number 06-858 to this Court. Judge Damich’s order did not address case number 06-853 pending before Judge Braden or case number 07-82 pending before Judge Horn.

The Government believes that all four cases should be assigned to a single judge because the parties are identical, there likely will be a substantial overlap in the witnesses between these cases and decisions about whether continuation of the stay is appropriate will involve the same factual and legal circumstances in each case. Thus, assignment of these cases to a single judge would promote efficiency in the administration of these cases. These efficiency gains will only increase if the Government files counterclaims in these matters based upon facts discovered as a result of the pending criminal investigation.

Moreover, two key witnesses in these cases that will likely need to be deposed are Major Cockerham and Mr. Saud Altawash, a principal of the Gulf Group. Because Mr. Altawash is in Kuwait and Major Cockerham is in jail, it would make sense to consolidate the cases before a single judge to coordinate the depositions of these

two key witnesses who are not readily accessible.

CONCLUSION

For these reasons, the Government believes that all four cases should be assigned to a single judge. Accordingly, the defendant request that the Court transfer cases 06-853 and 07-82 be consolidated with cases numbered 06-835 and 06-858 pending before this Court.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624

August 19, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2008, a copy of the foregoing “DEFENDANT’S NOTICE OF INDIRECTLY RELATED CASES PURSUANT TO RCFC 40.2” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler